UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**CARVEL GORDON DILLARD,**

*Plaintiff*,

v.  Case No. SA-23-CV-00853-JKP

**FBI DIRECTOR FNU WRAY, ATT. GEN. FNU GARLAND, ATT. GEN. FNU ROSENBLUM, SEC. OF STATE FNU BLINKIN, PRESIDENT FNU BIDEN, STATE OF OREGON, ALPHABET & OWNERS & DIRECTORS, GOVERNOR KATE BROWN, ET AL: INCLUDING ALL RELEVANT OTHERS,**

*Defendants*.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is U.S. Magistrate Judge Henry J. Bemporad's Report and Recommendation (R&R) entered in the above-captioned cause. *See* ECF No. 13. The parties have not filed any objections to the R&R and the deadline to do so has passed. Judge Bemporad recommends the Court dismiss this case as frivolous pursuant to 28 U.S.C. § 1915(e) and deny Dillard's pending motion to consolidate (ECF No. 10) as moot. After due consideration, the Court **ADOPTS** the R&R in its entirety (ECF No. 13) and **DISMISSES AS FRIVOLOUS** this case. *See* 28 U.S.C. § 1915(e). The Court, further, **DENIES AS MOOT** Dillard's live motions (ECF Nos. 10, 16, and 17) and enjoins Dillard from filing additional documents in this case other than a notice of appeal.

**LEGAL STANDARD**

In a case such as this, where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1). In such cases, the Court need only review the Report and Recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).

**BACKGROUND**

Where, as here, the plaintiff has sought leave to proceed *in forma pauperis* (in other words, without paying the filing fee), § 1915 requires that the Court "dismiss the case at any time" if it determines that "the action … is frivolous or malicious," or that it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). A claim is frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, 9 n.5 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)).

In this case, Dillard's complaint is wholly frivolous. Dillard fails to state a cognizable claim. Furthermore, his complaint contains delusions about the FBI taking over a bank and about his own role as a U.S. authority figure. Judge Bemporad, to whom this case was referred for pre-trial management, gave Dillard an opportunity to amend his complaint. *See* ECF No. 7. Dillard failed to do so, but instead filed three motions. *See* ECF Nos. 10, 16, 17. In his first motion, Dillard attempts to consolidate this case with an earlier filed case which District Court Judge Xavier Rodriguez dismissed as frivolous. *See also Dillard v. State of Oregon*, No. 5:22-CV-699-XR (filed 06/30/2022, closed 10/21/2022). Judge Bemporad recommends dismissing this case as frivolous pursuant to 28 U.S.C. § 1915(e) and denying the motion to consolidate as moot.

## DISCUSSION

### I. Judge Bemporad's R&R

After reviewing the R&R for clear error, the Court finds it to be neither clearly erroneous nor contrary to law. *See* 28 U.S.C. § 636(b)(1)(C). The Court, therefore, adopts the R&R in its entirety and dismisses the case as frivolous pursuant to 28 U.S.C. § 1915(e).

### II. Dillard's live motions

The Court further adopts Judge Bemporad's recommendation to deny Dillard's motion to consolidate as moot. *See* ECF No. 10. For similar reasons, the Court finds it appropriate to deny Dillard's motion for summary judgment and motion to declare as moot. *See* ECF Nos. 16, 17. Because the Court dismisses Dillard's complaint as frivolous, and he has not amended his complaint after Judge Bemporad gave him an opportunity to do so, the Court need not consider his motions on the merits.

### III. Pre-filing injunction

Federal courts have inherent power to sanction abusive litigation practices "to protect the efficient and orderly administration of justice and … to command respect for [their] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Within this inherent authority is the ability to issue a pre-filing injunction to deter vexatious filings with the court. *Baum v. Blue Moon Ventures*, LLC, 513 F.3d 181, 189 (5th Cir. 2008). When determining whether the imposition of a pre-filing injunction would be appropriate, the court must weigh all relevant circumstances, including four main factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Id*. (internal quotations omitted). If issued, such injunctions "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Id*.

In Dillard's earlier filed case, Judge Rodriguez found it necessary to impose a pre-filing injunction because Dillard continued to file frivolous motions after the case was dismissed. Similarly, Dillard has filed a frivolous complaint and three moot motions in this case, and the Court has reason to expect he will keep filing motions after the case is dismissed. The Court, therefore, finds a pre-filing injunction is appropriate in this case, "to protect the efficient and orderly administration of justice." *In re Stone*, 986 F.2d at 902.

### IV.     Dillard's personal items

As part of this action, Dillard provided the Court with various personal items, including bank and credit cards, a Medicare card, various business cards, and bank statements. These items are irrelevant to the Court's consideration of this matter. The Court, therefore, instructs the Clerk of Court to return these items to Dillard in the condition in which they were received.

### CONCLUSION

After reviewing the R&R for clear error, the Court finds it to be neither clearly erroneous nor contrary to law. *See* 28 U.S.C. § 636(b)(1)(C). The Court further finds Dillard's live motions should be denied as moot and Dillard should be enjoined from filing further documents in this case other than a notice of appeal.

**IT IS THEREFORE ORDERED** that the Court **ACCEPTS** the Magistrate Judge's findings and recommendations and **ADOPTS** the R&R in its entirety. *See* ECF No. 13.

**IT IS FURTHER ORDERED** that the Court **DENIES AS MOOT** Plaintiff's motions. *See* ECF Nos. 10, 16, and 17.

**IT IS FURTHER ORDERED** that the Court **ENJOINS** Dilliard from filing any further documents in this case other than a notice of appeal.

**IT IS FINALLY ORDERED** that the Court **DISMISSES AS FRIVOLOUS** this case. *See* 28 U.S.C. § 1915(e).

The Clerk of Court is instructed to **CLOSE THIS CASE**.

The Clerk of Court is further **INSTRUCTED** not to accept any new filings from Dillard in this action other than a notice of appeal.

The Clerk of Court is finally **INSTRUCTED** to mail a copy of this order, and Dillard's personal items, to his address on file.

It is so ORDERED.
SIGNED this 31st day of August, 2023.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE